UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFAB INDUSTRIAL SERVICES, INC., *et al.*, | Case No.  1:19-cv-01355-LJO-JLT |
| *Plaintiffs*, | ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| APOTHIO, LLC, *et al.*, | |
| *Defendants*. | |

After considering the papers filed in support of Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, filed on October 2, 2019, ECF No. 8 ("Motion"), the Court ordered Defendants to respond to the Motion by 10:00 a.m. today, October 4, 2019. ECF No. 10. Defendants were served copies of the Complaint, the Motion, and the Court's Order setting a deadline for a response. ECF Nos. 8-5, 13. No opposition was filed. For good cause shown, the Court hereby enters the following Order.

## **TEMPORARY RESTRAINING ORDER**

The Court GRANTS the Motion and finds that Plaintiffs AFAB Industrial Services, Inc. ("AFAB"), NewBridge Global Ventures, Inc. ("NEWBRIDGE"),

1
ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT
ISSUE

EcoXtraction, LLC ("ECO"), CleanWave Labs, LLC ("CLEANWAVE") (collectively, "Plaintiffs") have shown (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary injunction relief; (3) that the balance of equities tips in Plaintiffs' favor; and (4) that preliminary injunctive relief is in the public interest.

IT IS HEREBY ORDERED that Defendants Apothio, LLC ("APOTHIO"), Apothio Bakersfield, LLC ("APOTHIO BAKERSFIELD"), and Trent Jones ("JONES") (collectively, "Defendants"), directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of APOTHIO or APOTHIO BAKERSFIELD, be and hereby are ENJOINED from:

   a.   restricting or interfering with Plaintiffs' access to the extraction processing facility located at 580 South Derby Street, Arvin, California 93203 known as The Los Osos Facility (the "Facility") solely for the purpose of retrieving and removing therefrom all of the processing equipment and technology to be used to process hemp that is owned by or leased for use by Plaintiffs (the "Equipment"); and

   b.   using, without authorization, the technology and/or inventions covered by one or more of the claims of United States Patents No. 9,469,548 ("'540 Patent"); No. 8,430,968 ("'968 Patent"); No.

ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

7,507,014 ("'014 Patent"); No. 6,627,784 ("'784 Patent"); and

No. 10,220,365 ("'365 Patent"), including but not limited to the

Equipment.

IT IS FURTHER ORDERED that Defendants shall grant Plaintiffs immediate access to the Facility solely for the purpose of retrieving and removing the Equipment, and Plaintiffs shall remove all of the Equipment owned by or leased to Plaintiffs therein.

IT IS FURTHER ORDERED that the funds and assets, including any liquidations thereof, collected from the unauthorized use of the Equipment shall be placed in a constructive trust pending a determination on Plaintiffs' motion for Preliminary Injunction.

Unless extended by separate order of the Court, this Temporary Restraining Order shall expire at noon on Friday, October 18, 2019.

THIS TEMPORARY RESTRAINING ORDER IS CONDITIONED UPON PLAINTIFFS' POSTING BOND IN THE AMOUNT OF $5,000.00, pursuant to the provisions of Rule 65(c) of the Federal Rules of Civil Procedure.

## **ORDER TO SHOW CAUSE**

Defendants are ORDERED TO SHOW CAUSE in writing no later than 12:00 noon Pacific Time on October 14, 2019, why the above restraints should not be

ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

continued for an additional fourteen (14) day period. Plaintiffs may file a reply on or before 12:00 noon Pacific Time on October 16, 2019.

Defendants are FURTHER ORDERED TO SHOW CAUSE in writing no later than 12:00 noon Pacific Time on October 22, 2019, why Plaintiffs' motion for Preliminary Injunction should not be granted. Alternatively, Defendants may rely on their brief filed in connection with the October 14, 2019 deadline to address this show cause order. If Defendants' choose to file a separate brief, Plaintiffs may reply on or before October 28, 2019.

The Court will inform the parties if it believes a hearing will be helpful or is needed in connection with either the extension of the Temporary Restraining Order or the motion for Preliminary Injunction.

IT IS SO ORDERED.

Dated: __**October 4, 2019**__          _____**/s/ Lawrence J. O'Neill**_____
                                                      UNITED STATES CHIEF DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT
ISSUE