UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AFAB INDUSTRIAL SERVICES, INC.**, *et al.*,<br>　　　　　　　　　**Plaintiff,**<br>　　v.<br>**APOTHIO, LLC, et al.,**<br>　　　　　　　　　**Defendant.** | 1:19-cv-01355-LJO-JLT<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND VACATING PRIOR TRO ORDER IN ITS ENTIRETY**<br><br>**(ECF Nos. 8 & 16)** |

　　The Court has received and reviewed the papers filed thus far in connection with Plaintiffs' application for a temporary restraining order and/or preliminary injunction, ECF No. 9, including Defendant's opposition, served on all parties at 10:00 a.m. this morning, ECF No. 21, as well as Plaintiffs' reply, served on all parties shortly after 11:00 a.m., this morning, ECF No. 20.

　　A plaintiff must establish each of the following to secure an injunction: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as a right."). Plaintiff bears the burden to "make a showing on all

1

four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Based upon Plaintiffs' initial filing, the Court preliminarily concluded that Plaintiffs had demonstrated likelihood of success on at least one of their patent claims, and, more specifically, that they likely would be able to demonstrate that Defendants were threatening to put to use a patented process to which Plaintiffs have an exclusive right. *See* ECF No. 10. This was based upon circumstantial evidence, including screen shots from a website controlled by Defendants. ECF No. 1, Ex. G (claiming Defendants have access to a proprietary water-based extraction system to extract CBD from hemp, exactly the same patented process Plaintiffs claim to hold exclusive rights to implement). However, upon further review of the record in light of contextual information provided by Defendants, the Court concludes that the entirely circumstantial evidence presented is insufficient to warrant a finding that Defendants are threatening to put the patented process to use. Defendants have now submitted evidence indicating that the equipment is in a "shuttered" state, ECF No. 21-2 (Declaration of Dr. Trent Jones), ¶¶ 2-5, along with evidence indicating that a key component of Plaintiffs' patented process (a "Flottweg" centrifuge") has in fact been removed from the facility. *Id*. at ¶ 5. Therefore, the present situation does not indicate use or threatened use. The Court acknowledges that Plaintiffs have submitted a reply declaration from Everett Farr III, President of Plaintiff AFAB Industrial Services, indicating that he is "aware and believe[s]" that Defendants are "attempting to purchase equipment, [] including a decanter, from Flottweg SE" and that such equipment would allow Defendants to practice the technology protected by Plaintiffs' patents without Plaintiffs' authorization. But this assertion is entirely conclusory, and, even if true, does not demonstrate Defendants presently or soon will possess capacity to use the patented technology. Without more, Plaintiffs' fail to meet their burden to demonstrate likelihood of success on any of their patent claims in this case. As there are no other kinds of claims presented, Plaintiffs motion therefore must be DENIED. The Court's prior TRO Order, ECF No 16, is VACATED IN ITS ENTIRETY.

Whether and to what extent any of Defendants' conduct, including Defendants' failure to notify

Plaintiffs of the removal from the facility of equipment purportedly leased by Plaintiffs, constitutes breach of contract or breach of state law falls outside the scope of the patent law claims in this case, and therefore it has not been established that there exists a genuine controversy that is within the jurisdiction of the Federal Court.

IT IS SO ORDERED.

Dated: **October 7, 2019**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE